IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 93-0079-WS** |
| ) | |
| **CHRISTOPHER ALEXANDER HUNTER,** ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter comes before the Court on defendant's "Petition of Opposition for Reconsideration of the Court's Erroneous Order of Denial" (doc. 125).

On December 10, 2015, the undersigned entered an Order (doc. 124) denying petitioner Christopher Alexander Hunter's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The December 10 Order explained in some detail why Amendment 599 to the U.S. Sentencing Guidelines did not have the effect of retroactively lowering Hunter's guidelines range, such that Hunter was ineligible for relief under § 3582(c)(2). The bottom-line conclusion of that Order was as follows: "No weapons enhancements having been utilized in performing the sentencing guidelines calculations governing Hunter's underlying offenses, Amendment 599 has no application to him." (Doc. 124, at 3.)

In his newly-filed Motion to Reconsider, Hunter derides the December 10 Order as having reached what he calls a "malarkey conclusion." (Doc. 125, at 6.) Hunter appears to be operating under the misconception that Amendment 599 somehow forbids the stacking of consecutive sentences for multiple firearm convictions (atop each other and atop the sentences for other offenses of conviction) under 18 U.S.C. § 924(c). It does no such thing. Congress was clear in § 924(c) that "[n]otwithstanding any other provision of law … no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii); *see also United States v. Segarra*, 582 F.3d 1269, 1271-73 (11th Cir. 2009) (concluding that "the plain language of [§ 924(c)] mandates consecutive sentences"

for the firearm offense and underlying drug trafficking offense).  Hunter's sentence was imposed in accordance with these principles.

The sole asserted basis of Hunter's § 3582(c)(2) motion was Amendment 599.  That amendment did nothing more than "clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense" when the defendant is also convicted of a § 924(c) violation.  *United States v. Pringle*, 350 F.3d 1172, 1179 (11th Cir. 2003).  Contrary to Hunter's position, "§ 924(c) does not define an enhancement, it defines a standalone crime … and the penalty imposed under it must be imposed to run consecutively to any other sentence." *United States v. Easter*, 553 F.3d 519, 526 (7th Cir. 2009).  Nothing in Amendment 599 did or could override the express statutory directive that § 924(c) sentences must be consecutive to all other terms of imprisonment imposed.  And again, as explained in the December 10 Order, Amendment 599 does not apply here because no weapons enhancements were used in calculating Hunter's sentencing guidelines for the underlying offenses of conviction; therefore, Hunter's request for § 3582(c)(2) relief predicated on retroactive application of Amendment 599 lacks even arguable merit.

Because Hunter's objection to the December 10 Order is frivolous on its face, his Motion for Reconsideration (doc. 125) is likewise **denied** as frivolous.

DONE and ORDERED this 6th day of January, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE
